CONN, Plaintiff, v. KERNS, Auditor, Defendant.

Common Pleas Court, Van Wert County.

No. 21175.   Decided January 25, 1958.

For further history see *Omnibus Index* in bound volume.

McNEILL, J. This cause came on to be heard upon declaratory judgment, and the facts are as follows:

Van Wert County, Ohio, owns a building which is used to house road equipment and machinery, the front part of which is now vacant. To sufficiently house drafting tables, blue print machines, and other equipment, the Van Wert County Engineer desires to establish offices in said building and equip the same, and reduce the size of his office in the court house, leaving an extra room available, but is in doubt as to whether road and bridge funds may be used for this purpose.

The Constitution of the State of Ohio is clear that funds collected from taxes on motor vehicles and related taxes can be used solely and exclusively for road and bridge purposes.

No questions arise if a county is large enough for the en-

gineer to maintain two offices, one to house the engineering department in connection with the highways, and another to house the engineering department for the purpose of other engineer work. However, in a small county, much of the work overlaps and is interrelated.

If the question were one of equipping the building solely and only for performance of road and bridge work, the same could be properly done from the road and bridge fund without doubt. However, in this case, for example, a blue print machine may be used for road and bridge purposes, but is not utilized fully enough to prevent its use for blue printing other maps such as in the preparation of ditches, or a deputy engineer may use a drawing board in the morning in drafting roads, and use it for some other type drafting in the afternoon in connection with the County of Van Wert. To hold that a county of this size would have to maintain two such rooms on the volume of business done would be completely unrealistic.

In addition, neither would it be proper to provide that the general fund must in addition bear the costs for the road and bridge fund where such funds are provided for this purpose. It is the feeling of the court that in a situation where multiple functions exist, the county commissioners and the county engineer may pay for the same out of either fund; provided, however, if paid for from the road and bridge fund the expenditure is necessary for road and bridge purposes and is not increased because it may be used for additional purposes.

For example if it is necessary to use a blue print machine in connection with road and bridge work of a certain type, and should the use of said machine for other functions necessitate a larger machine being purchased, the only expenditure from the road and bridge fund would be for that specific machine, and any additional cost of equipment to facilitate its use for other work would be paid from the general fund. Likewise, if it is necessary to build a building of a certain type to take care of the functions of the road and bridge purposes, this building may be built with road and bridge funds, but if any additions are made to take care of any other functions, the same would have to be paid for out of the general fund. However, if because of the size of the county, no additional space is needed

because of other functions, and in every case where equipment is used for both purposes, the engineer and county commissioners have the choice as to which fund they may charge it to.

However, in maintenance and operation, it is necessary to charge the proper fund with the use of the equipment. Using as an example, a blue print machine, all blue print paper and expense in connection with the road and bridge work will be charged to the road and bridge fund, while all such similar expense for other purposes will be charged against the general fund.

A journal entry has this date been prepared and filed accordingly.